Summers, J.
Counsel for relator contend that a bill of the costs made in a prosecution would not be complete without including the compensation of the expert; and that the law having imposed upon the prosecuting attorney the duty of examining into the “correctness and legality of each and every item therein charged,” it is neither the duty nor the privilege of the auditor of state to pass upon the legality of any item so certified by the prosecuting attorney.
Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action or prosecution and which the statutes authorize to be taxed and included in the judgment or sentence. The word does not have a fixed legal signification. As originally used it meant an allowance to a party for expenses incurred in prosecuting or de *339 fending a suit. Costs did not necessarily cover all •of the expenses and they were distinguishable from fees and disbursements. They are allowed only by authority of statute, and the word not having a fixed legal signification, it does not follow that the compensation of the expert, though an expense, is costs made in the prosecution. The following sections of the Revised Statutes are cited as supporting the contention of the relator.
“(1302-1) Sec. 1. (Employment and pay of expert witnesses.) When, in the examination or trial of any person accused of the commission of crime, or upon inquiry before the grand jury it shall appear to the prosecuting attorney or the assistant prosecuting attorney to be necessary to the due administration of justice to procure examination by chemical or other experts, or the testimony of expert witnesses, the county commissioners may, upon the certificate of the prosecuting attorney or his assistant, that such services were or will be necessary to the due administration of justice, allow and to pay such expert such compensation for his services as the court approves and' as the commissioners may deem just and proper.”
“Sec. 1306. (When costs in criminal case paid out of county treasury.) In all felonies, when the defendant- is convicted the costs of the justice of the peace, police judge, or justice, mayor, marshal, chief of police, constable and witnesses, shall be paid out of the county treasury and inserted in the judgment of conviction, so that, except in capital cases, the same may be paid to the county out of -the state treasury; provided in all cases *340 when recognizances are taken, forfeited and collected and in which there is no conviction said-costs shall be paid out of the county treasury.”
“Sec. 7332- (Cost bill in case of felony to be made up and certified.) Upon sentence of any person for felony, the officers claiming costs made in the prosecution shall deliver to the clerk itemized bills thereof, who shall make and certify, under his hand .and seal of the court, a complete bill of the costs made in the prosecution, including any sum paid by the county commissioners for the arrest and return of the convict on the requisition of the governor, or on the request of the governor made to the president of the United States, which said complete bill of costs shall be presented by the clerk to the prosecuting attorney and it shall be his duty to examine into the correctness and legality of each and every item therein charged, and to certify to the same if correct and legal.”
“Sec. 7333- (Writs of execution to issue on sentence.) The clerk shall immediately issue to the sheriff of the county in which the iijdictment was found, and to the sheriff of any other county in which the convict has property, executions against his property for the costs of prosecution, which shall be served and returned within ten days, with the proceedings of the sheriff indorsed thereon, or the want of property upon which to levy the same, as the case may be; when a levy is made upon property under such execution, a writ shall immediately be issued by the clerk for the sale thereof; and the sheriff shall proceed to sell the property as in other cases, and make return *341 thereof according to law, and after paying the costs of conviction, and of execution of sale, pay the balance to the person authorized to receive the same.”
“Sec. 7336. (Warden shall certify correctness of cost bill, etc.) When the clerk certifies on the cost bill that execution was issued according to the provisions of this chapter, and returned by the sheriff indorsed, ‘No goods or chattels, lands or tenements, found whereon to levy/ the warden shall allow so much of the cost bill and charges for transportation as he finds to be correct, and certify such allowance, which shall be paid by the state.”
However, Chapter 30, Title IX, Revised Statutes, relating to fees and costs, comprising Section 1302, and Section 1302:i, was not enacted as supplementary to that chapter, or as amendatory of, or supplementary to, Section 1302, but as an independent act. It is entitled: “An act relating to the employment and pay of expert witnesses” (95 O. L., 282). It was passed April 28, 1902, and first appeared in sectional numbering in Bates’ Annotated Statutes, 4th edition, published in 1903. There is nothing in the act authorizing this expense to be taxed as costs, or to be paid otherwise than by the county commissioners. Nor is it at all certain that the statute would have authorized the payment of this expense from the state treasury if the act had been passed as supplementary to Section 1302.
The next contention is, that the duty of the auditor of state is merely ministerial, while the duty enjoined'on the prosecuting attorney is, “to examine into the correctness and legality of each *342 and every item therein charged, and to certify to the same if correct and legal,” and that this requires him to pass judgment upon the legality of the item and that the legislature must have intended that his determination should be binding upon the auditor of state. If so, 'why is it provided in Section 7336 that: “The warden shall allow so much of the cost bill and charges for transportation as he finds to be correct?” Section 153, Revised Statutes, provides that no money shall be drawn out of the treasury except on warrant of the auditor of state. And Section 154 provides that, “he shall not draw any warrant on the treasurer for any claim unless he finds the same legal, and that there is money in the treasury which has been duly appropriated to pay the same.” These provisions, that the clerk shall make up and certify the cost bill, that the prosecuting attorney shall examine into the correctness and legality of each item, and that the warden shall only certify what he finds correct, and that the auditor of state shall not draw a warrant unless he finds the claim legal, are cumulative safeguards of the public funds. And being such, the auditor of state is not concluded by the determination of the prosecuting attorney, and the expenses of the expert witness not being authorized to be drawn from the state treasury, the writ must be refused, and the petition is dismissed at the cost of the relator.

Petition dismissed.

Shauck, C. J., Price, Crew, Spear* and Davis, JJ., concur.